IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| GLEN E. SMITH, JR, RECEIVER FOR WEBB FINANCIAL GROUP, INC.; FRANKLIN ASSET EXCHANGE, LLC AND DISCIPLES LIMITED, LLC,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>BULL MOUNTAIN COAL PROPERTIES, INC., AIRLIE OPPORTUNITY FUND CAYMAN, LTD., AIRLIE OPPORTUNITY MASTER FUND, LTD., AIRLIE OPPORTUNITY FUND, L.P., AIRLIE OPPORTUNITY CAPITAL MANAGEMENT, L.P., and AIRLIE OPPORTUNITY CAPITAL MANAGEMENT LLC,<br><br>　　　　　　Defendants. | CV-06-169-BLG-RFC-CSO<br><br>**ORDER DENYING PLAINTIFFS' APPLICATION FOR ENTRY OF DEFAULT** |

On March 23, 2007, Plaintiffs/Counterclaim Defendants Glen E. Smith, Jr., Receiver for Webb Financial Group, Inc,; Franklin Asset Exchange, LLC and Disciples Limited, LLC (hereafter "Plaintiffs") filed an Application for Entry of Default Against Defendant, Airlie Opportunity Fund Cayman, Ltd. ("Airlie"). In their application, Plaintiffs ask the Clerk of Court, to enter default against Airlie for failing "to plead or otherwise defend the above-entitled action as provided by the Federal Rules of Civil Procedure." *Plf.s' Application* at 2. Airlie was served

on February 26, 2007.  See *Court's Doc. No. 28*.  Thus, its answer was due on March 19, 2007.  On March 26, 2007, Airlie filed a motion to dismiss for lack of jurisdiction.  See *Court's Doc. No. 30*.

Rule 55(a) provides as follows:

> (a) Entry.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

While Rule 55(a) contemplates the clerk entering default, default may also be entered by the court.  See In re Burchell Enters., Inc., 2005 WL 1154302, * 1 (N.D. Cal. 2005) (citing Breuer Elec. Mfg. v. Toronado Sys. of America, 687 F.2d 182, 185 (7th Cir. 1982)).  Although Airlie filed its responsive pleading seven days late, it has demonstrated its clear purpose to defend in this case.  See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 689 (9th Cir. 1988) (finding that "even a late-filed responsive pleading may prevent the entry of default"); see also (citing Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1317 (11th Cir. 2002)) (holding that the Court "may properly decline to enter default against a claimant if the claimant has filed a response indicating its intent to defend the action").  Accordingly, Plaintiffs' application must be denied.

Based on the foregoing, IT IS HEREBY ORDERED that

Plaintiffs' Application for Entry of Default Against Defendant, Airlie Opportunity Fund, Ltd. (*Court's Doc. No. 29*) is **DENIED**.

DONE and DATED this 30th day of March, 2007.

**/S/** Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge
