IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| GLEN E. SMITH, JR, RECEIVER FOR WEBB FINANCIAL GROUP, INC.; FRANKLIN ASSET EXCHANGE, LLC AND DISCIPLES LIMITED, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>BULL MOUNTAIN COAL PROPERTIES, INC., AIRLIE OPPORTUNITY FUND CAYMAN, LTD., AIRLIE OPPORTUNITY MASTER FUND, LTD., AIRLIE OPPORTUNITY FUND, L.P., AIRLIE OPPORTUNITY CAPITAL MANAGEMENT, L.P., and AIRLIE OPPORTUNITY CAPITAL MANAGEMENT LLC,<br><br>Defendants. | CV-06-169-BLG-RFC-CSO<br><br>**ORDER DENYING MOTION TO ADMIT PRO HAC VICE** |

This lawsuit concerns disputes that have arisen concerning the financing of a coal mine development near Roundup, Montana. Now pending before the Court is Plaintiff's Motion to Admit J. Wesley Covington Pro Hac Vice (Court's Doc. No. 88). Defendants resist the motion. For the reasons stated below, the motion will be denied.

## I. Pertinent Background

On December 12, 2006, Alan C. Bryan ("Bryan"), then local counsel for the Plaintiff, filed a motion to admit J. Wesley Covington ("Covington") as pro hac vice counsel (Court's Doc. No. 3). The motion was not opposed, and it was granted on December 22, 2006 (Court's Doc. No. 8).

On June 7, 2007, Bryan filed a withdrawal of the motion to admit Covington pro hac vice (Court's Doc. No. 54). This withdrawal was amended on June 12, 2007. In the amended withdrawal, Bryan represented that Covington had failed, in his declaration accompanying the pro hac vice motion (Court's Doc. No. 55), to disclose that he had been suspended from the practice of law for a period of 180 days by the North Carolina State Bar in 2000. Bryan also stated that, subsequent to the order allowing Covington to appear pro hac vice in this action, Covington was censured by the North Carolina State Bar by order dated February 2, 2007. The motion to admit pro hac vice having been withdrawn, the order granting Covington's pro hac vice admission in this matter was vacated effective June 13, 2007 (Court's Doc. No. 56). Plaintiff now moves to re-admit Covington as pro hac vice counsel.

## II. **Parties' Arguments**

Plaintiff argues that Covington's new declaration contains all the recitals required under Local Rule ("L.R.") 83.3(e)(4). The motion states that Covington has been involved in the representation of the Plaintiff as receiver for the Webb Parties on a daily basis since this Court's order was entered permitting his pro hac vice admission to be withdrawn. Plaintiff claims that the preparation he anticipates in this case

requires the continuing commitment of Covington as co-counsel for the Plaintiff, through and including any trial.

Covington's second declaration (Court's Doc. No. 89) was filed with the motion to re-admit him.  In this second declaration, Covington explains that he narrowly interpreted L.R. 83.3(e)(4)(E) in a manner that did not require that he reveal, in his first declaration, that his license to practice law had been suspended for a period of six months in January 2000.  He also acknowledges that he did not, as required by L.R. 83.14(d), notify Chief Judge Molloy regarding a North Carolina bar censure dated February 22, 2007.  He states that he was unaware of the requirement to do so.

Defendants oppose the motion to re-admit Covington as pro hac vice counsel for Plaintiff.  They contend that Covington had an obligation to reveal to the Court in his prior declaration that he had been suspended from the practice of law in 2000.  They further contend that he had an obligation to reveal to Chief Judge Molloy that he was censured in February 2007.  They state that, contrary to Covington's assertions, the litigation that led to the 2007 censure was related to this litigation and involved the same underlying investors, brokers, and pools of funds from which the investments were made.  They conclude that Covington's lack of candor with the Court and with Defendants warrants the denial of this motion.

In a reply memorandum filed on December 6, 2007, Plaintiff states that he believes the issue is "fairly joined" and that he does not intend to file any further papers concerning the Defendants' memorandum opposing this motion.  See Pltf.'s

Reply Memo. In Support of Motion to Admit J. Wesley Covington Pro Hac Vice (Court's Doc. No. 106) at 2.

## III. Discussion

A federal court has the power to control admission to its bar. Chambers v. NACSO, Inc., 501 U.S. 32, 43 (1991). The local rules of this court provide that pro hac vice admission is vested in the discretion of the presiding judge. L.R. 83.3(e). Here, the Court exercises its discretion to deny this motion for the following reasons.

First, the motion does not comply with L.R. 83.3(e)(4). Said rule requires that the applicant attorney's "affidavit" shall be attached to the motion. Covington's "Declaration" is not an affidavit. Black's Law Dictionary, 8th Edition, defines an affidavit as a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public." Covington's affidavit is not sworn before an officer authorized to administer oaths. Under 28 U.S.C. § 1746, verification requirements for an affidavit may be satisfied by an unsworn declaration if the declaration contains the phrase "under penalty of perjury". Kersting v. United States, 865 F.Supp. 669, 676 (D.Ha. 1994). Covington's affidavit states only: "I declare under penalty under the laws of the United States of American (sic) that the foregoing is true and correct." Covington Declaration (Court's Doc. No. 89) at 5. Given that Covington's initial declaration did contain the phrase "under penalty of perjury" (see Court's Doc. No. 4, at 2), the omission of this phrase in his second declaration may be an oversight. The Court would expect, however, that

-4-

counsel seeking pro hac vice admission would carefully proofread documents to be submitted to the Court.

Second, even if the Court were to accept Covington's explanation for his failure to reveal to the Court in his initial declaration that his license to practice law had previously been suspended by the North Caroline State Bar, Covington admits that he subsequently failed to comply with L.R. 83.14(d), which requires:

> An attorney subject to this Court's disciplinary jurisdiction shall, upon being notified of pending formal professional disciplinary action in any jurisdiction, promptly inform the Chief Judge of such action and provide the Chief Judge with a copy of any disciplinary letter, notice, order, or other document received by the attorney.

Attached to Covington's second declaration is a Censure issued by the Grievance Committee of the North Carolina State Bar on February 22, 2007. (Court's Doc. No. 89-2 at Exh. 3). The Censure explains that such censures are issued in cases in which an attorney "has violated one or more provisions of the Rules of Professional Conduct and has caused significant harm or potential significant harm to a client, the administration of justice, the profession or a member of the public...." It explains that Covington represented investors and brokers involved in a mobile billboard investment that was later determined to be an illegal Ponzi scheme. The Grievance Committee found that Covington had a conflict of interest and violated the following Rules of Professional Conduct: Rule 1.7(a),(b) (Conflict of Interest: Current Clients), Rule 1.8(f) (accepting compensation for representing a client from one other than the client), Rule 1.4 (Communication with a client) , and Rule 8.4(d) (Misconduct

prejudicial to the administration of justice).

Covington's explanations for his failure to comply with L.R. 83.14 by notifying the Chief Judge of this Censure are unsatisfactory. He acknowledges that he was unaware of the local rule requiring him to do so. An attorney admitted pro hac vice, like members of the bar of this Court, is expected to be familiar with the rules governing practice before the Court. Local Rule 1.5 clearly provides: "These Rules govern all proceedings in this District." Local Rule 83, with which he claims to be unfamiliar, is the same local rule which includes the procedures for pro hac vice admission. He intimates that his failure to comply with the rule should be placed at the feet of then local counsel Alan Bryan, but does not clearly state that he even informed Mr. Bryan of the Censure at the time it was issued.

It does not appear that Plaintiff will be prejudiced by the denial of this motion. Plaintiff is already represented by pro hac vice counsel Gregory Bartko, and by local counsel Mark Parker and Shawn Cosgrove. These lawyers have demonstrated that they are fully competent to ably represent Plaintiff's interests in this matter.

**Accordingly, IT IS HEREBY ORDERED** that Plaintiff's Motion to Admit J. Wesley Covington Pro Hac Vice (Court's Doc. No. 88) is DENIED.

DONE and DATED this 7th day of December, 2007.

                                              **/S/ Carolyn S. Ostby**
                                              Carolyn S. Ostby
                                              United States Magistrate Judge