IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

FILED
BILLINGS
2008 APR 14  AM 11 47
PATRICK E. ...
BY _____
DEPUTY CLERK

| | |
|---|---|
| GLEN E. SMITH, JR, RECEIVER FOR, ) <br> WEBB FINANCIAL GROUP, INC.;      ) <br> FRANKLIN ASSET EXCHANGE, LLC; ) <br> and DISCIPLES LIMITED, LLC,       ) <br>                                                        ) <br>                          Plaintiffs,             ) <br>                                                        ) <br> vs.                                                 ) <br>                                                        ) <br> BULL MOUNTAIN COAL               ) <br> PROPERTIES, INC.; AIRLIE             ) <br> OPPORTUNITY FUND CAYMAN, LTD;) <br> AIRLIE OPPORTUNITY MASTER      ) <br> FUND, LTD; AIRLIE OPPORTUNITY ) <br> FUND, L.P.; AIRLIE OPPORTUNITY  ) <br> CAPITAL MANAGEMENT L.P.; and  ) <br> AIRLIE OPPORTUNITY CAPITAL     ) <br> MANAGEMENT, LLC,                         ) <br>                                                         ) <br>                          Defendants.          ) <br> _____) | CV-06-169-BLG-RFC <br><br><br><br><br><br><br><br> ORDER ADOPTING FINDINGS <br> AND RECOMMENDATIONS OF <br> U.S. MAGISTRATE JUDGE |

On March 5, 2008, United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation with respect to Airlie Opportunity Fund Cayman Ltd.'s ("AOFC's") Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) (*Doc. 98*). *Doc. 157.* Magistrate Judge Ostby recommends this Court grant AOFC's motion on the grounds that AOFC is not subject to personal jurisdiction in Montana courts.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to

1

file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

Smith does not contend that AOFC is subject to general jurisdiction in a Montana court, but rather argues AOFC is subject to specific jurisdiction because, either individually or through Defendant Airlie Opportunity Master Fund ("AOMF") or Defendant Airlie Opportunity Capital Management ("AOCM"), it (a) transacted business in Montana (Rule 4(B)(1)(a) Mont.R.Civ.P); (b) commissioned acts that lead to the accrual of tort causes of action in Montana (Rule 4(b)(1)(b)); and (c) acquired an interest in property situated within Montana (Rule 4(b)(1)(c)). As the proponent of jurisdiction, it is Smith's burden to of proving it. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007).

Here, Magistrate Judge Ostby found that there is no evidence that AOFC had anything to do with AOCM's dealings in Montana prior to the execution of the June 27, 2007 Participation Agreement. Further, the facts giving rise to this lawsuit, Bull Mountain Coal Properties' November 15, 2006 default, occurred months before the Participation Agreement. As noted, no party has objected to these findings of fact. Accordingly, because only those contacts occurring prior to the event causing the litigation may be considered in determining specific jurisdiction, *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir 1990), Magistrate Judge Ostby correctly concluded this Court lacks jurisdiction over AOFC in the present lawsuit.

2

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety. Accordingly, **IT IS HEREBY ORDERED** that Defendant AOFC's Motion to Dismiss (*Doc. 98*) is **GRANTED.**

DATED the _14_ day of April, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE