IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

FILED
BILLINGS DIV.
2008 APR 15 PM 3 25
PATRICK E. DUFFY, CLERK
_____
DEPUTY CLERK

| | |
|---|---|
| GLEN E. SMITH, JR, RECEIVER FOR, ) <br> WEBB FINANCIAL GROUP, INC.; ) <br> FRANKLIN ASSET EXCHANGE, LLC; ) <br> and DISCIPLES LIMITED, LLC, ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ) <br> BULL MOUNTAIN COAL ) <br> PROPERTIES, INC.; AIRLIE ) <br> OPPORTUNITY FUND CAYMAN, LTD;) <br> AIRLIE OPPORTUNITY MASTER ) <br> FUND, LTD; AIRLIE OPPORTUNITY ) <br> FUND, L.P.; AIRLIE OPPORTUNITY ) <br> CAPITAL MANAGEMENT L.P.; and ) <br> AIRLIE OPPORTUNITY CAPITAL ) <br> MANAGEMENT, LLC, ) <br> ) <br> Defendants. ) <br> ) | CV-06-169-BLG-RFC <br><br><br><br><br><br><br><br><br><br> ORDER ADOPTING FINDINGS <br> AND RECOMMENDATIONS OF <br> U.S. MAGISTRATE JUDGE |

On March 7, 2008, United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation with respect the following interrelated motions:[1]

(1)     Plaintiffs' Motion for Partial Summary Judgment on Counts I and II of the Second Amended Complaint (*Doc. 109*);

(2)     Plaintiffs' Motion for Partial Summary Judgment on Count I of Defendants' Counter-claim (*Doc. 99*); and

---

[1] Magistrate Ostby also ordered that Plaintiff's First Motion to Compel Production of Documents (*Doc. 128*) be denied with leave to review, but that non-dispositive ruling is properly within her discretion and need not be reviewed by this Court. *See* 18 U.S.C. § 636(b)(1)(A).

1

    (3)    Defendants' Dismiss Counts III, IV and IX of the Second Amended Complaint Pursuant to Rule 12(b)(6) and to Strike Portions of the Second Amended Complaint Pursuant to Rule 12(f) (*Doc. 97*).

With regard to these motions, Magistrate Judge Ostby recommends as follows:

    (1)    Plaintiffs' Motion for Partial Summary Judgment on Counts I and II (*Doc. 109*) be denied, but that pursuant to Fed.R.Civ.P.56(d)(1) certain undisputed facts as listed below be deemed established;

    (2)    Plaintiffs' Motion for Partial Summary Judgment on Count I of Defendants' Counterclaim (*Doc. 99*) be granted;

    (3)    Defendants' Motion to Dismiss (*Doc. 97*) be granted as to Counts III and IV of the Second Amended Complaint, but denied as to Count IX; and

    (4)    Defendants' Motion to Strike (*Doc. 97*) be granted.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, the lack of objection does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

**I.  PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS I AND II OF THE SECOND AMENDED COMPLAINT (*DOC. 109*)**

Counts I of the Second Amended Complaint allege a cause of action for "breach of the settlement agreement and non-payment of the secured note," while Count II is for "foreclosure of security interest and mortgages." Magistrate Judge Ostby concluded that summary judgment on these claims is premature on account of disputed issues of material fact. With regard Count I, she noted that Plaintiffs' counsel admitted as much at oral argument. As to Count II, the

allegation in the Second Amended Complaint–that the Mortgage and Secured Note take priority over the Airlie parties' liens–is flatly contradicted by the Intercreditor Agreement. Further, whether or not the liens held by the Airlie parties have been "intentionally and fraudulently inflated" is a question of fact not amenable to summary judgment. Accordingly, Judge Ostby correctly concluded that Plaintiffs' Motion for Partial Summary Judgment on Counts I and II of the Second Amended Complaint must be denied.

However, as provided by Rule 56(d)(1), Judge Ostby found that certain facts were undisputed and should be treated as established. As there were no objection to these findings of fact, the following facts shall require no further proof:

(1) Demand has been made of Defendant BMCP, the maker of the Secured Note, for repayment of all principle and interest due thereunder. BMCP has failed and continues to refuse to pay the Secured Note, which remains in default.

(2) Plaintiff has demanded payment on the Secured Note, plus all accrued interest at the stated rate of contract interest upon default of the Secured Note.

(3) The Settlement Agreement has been breached by BMCP.

(4) BMCP was, at the date of the execution of the Secured Note and Mortgage, and is currently the record owner of the property described in the Secured Note and Mortgage.

(5) The Plaintiff is the holder of the Secured Note and Mortgage.

(6) The Mortgage and Secured Note are junior to the prior liens of the Airlie Mortgages claimed by the Airlie Parties.

(7) BMCP has defaulted on its payment obligations under the Secured Note by failing to make its payment when due. BMCP is thereby in default under the Mortgages and the security agreement granted by BMCP. Plaintiffs have declared the full amount payable under the Secured Note to be immediately due and payable. There is due, owing and unpaid by BMCP to the Plaintiff the principle sum of $17,781,552.19, together with interest at the rate prescribed in the Settlement Agreement and Secured Note.

## II.   PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT I OF DEFENDANT'S COUNTERCLAIM (*Doc. 99*)

Count I of Defendants' Counter-claim seeks rescission of the Settlement Agreement on account of fraud in its inducement. In recommending summary judgment for Plaintiffs on this counter-claim, Magistrate Ostby correctly concluded that despite the language of Mont. Code Ann. § 28-2-405, Montana courts have consistently parceled actual fraud into nine elements. *E.g., In re Kindsfather,* 108 P.3d 487, 490 (Mont. 2005); *Barrett v. Holland & Hart,* 845 P.2d 714, 717 (Mont. 1992); *Cowan v. Westland Realty Co.,* 512 P.2d 714, 716 (Mont. 1973); *Lee v. Stockman's Nat. Bank,* 207 P. 623, 630 (Mont 1922). More importantly, having found that Bull Mountain had not and will not suffer damages on account of the allegedly fraudulent inclusion of attorney's fees, Plaintiffs are entitled to summary judgment in their favor with respect Defendant's counter-claim for rescission. *See Barrett,* 845 P.2d 717 (district court properly granted summary judgment in favor of fraud defendant where plaintiff fails to set forth facts demonstrating one of the nine essential elements of fraud).

## III.   DEFENDANTS' MOTION TO DISMISS COUNTS III, IV AND IX OF THE SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6) (*Doc. 97*)

The Findings and Recommendations note that Plaintiffs' counsel admitted at oral argument that the Intercreditor Agreement expressly precludes Counts III (equitable subordination) and IV (marshaling) of the Second Amended Complaint. Having concluded that Defendants' counter-claim for rescission based on fraudulent inducement must be dismissed, the Intercreditor Agreement is valid and the parties are "stuck with the agreement." Accordingly, Magistrate Judge Ostby is correct in recommending summary judgment in Defendants' favor on Counts III and IV.

4

However, summary judgment for Defendants on Plaintiffs' civil conspiracy claim pleaded in Count IX is not recommended. Defendants claim the doctrine of *in pari delicto* mandates summary judgment in their favor with regard to Count IX. The doctrine of *in pari delicto* is similar to that of unclean hands and essentially precludes relief to a plaintiff who is equally at fault as a defendant. Magistrate Judge Ostby's recommendation was premised on the absence of authority applying the doctrine in this context. As this Court was also unable to find such authority, Judge Ostby's recommendation will be followed.

## IV. DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(F) (*Doc. 98*)

Finally, Magistrate Judge Ostby recommends that portions of the Second Amended Complaint be stricken as irrelevant pursuant to Rule 12(f) Fed.R.Civ.P. Although a Rule 12(f) motion is likely within the category of motions which a magistrate judge may "hear *and* determine," *see* 18 U.S.C. § 636(b)(1)(A), this Court notes for the record its agreement that the allegations regarding the Connecticut Bank of Commerce are irrelevant to this case now that the Settlement Agreement has been found to be valid.

## V. CONCLUSION

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED:**

(1) Plaintiffs' Motion for Partial Summary Judgment on Counts I and II (*Doc. 109*) is **DENIED,** but that pursuant to Fed.R.Civ.P.56(d)(1) the facts expressed in Section I of this Order are deemed established and require no further proof;

(2) Plaintiffs' Motion for Partial Summary Judgment on Count I of Defendants' Counterclaim (*Doc. 99*) is **GRANTED;**

5

(3)  Defendants' Motion to Dismiss (*Doc. 97*) is **GRANTED** as to Counts III and IV of the Second Amended Complaint, but **DENIED** as to Count IX; and

(4)  Defendants' Motion to Strike (*Doc. 97*) is **GRANTED**.

DATED the 15th day of April, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE